# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1572 | **DATE** | 3/10/2003 |
| **CASE TITLE** | Three Way Drywall, Inc. vs. Michael Diklich | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Order. Three Way's counsel is ordered to file a brief memorandum addressing that subject in this Court's chambers on or before March 21, 2003, failing which this Court will be constrained to dismiss this action for lack of subject matter jurisdiction.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | MAR 11 2003 | |
| ✓ | Notices mailed by judge's staff. | | date docketed | 2 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | 3/10/2003 | |
| | Copy to judge/magistrate judge. | CLERK | date mailed notice | |
| SN | courtroom deputy's initials | 03 MAR 10 PM 4:28 | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THREE WAY DRYWALL, INC.,         )
an Illinois corporation,         )
                                 )
            Plaintiff,           )   Case No. 03 C 1572
                                 )
       v.                        )   Judge Shadur
                                 )
MICHAEL DIKLICH, Administrator   )
OF PAINTERS' DISTRICT COUNCIL NO.)
30 PENSION FUND and PAINTERS'    )
DISTRICT COUNCIL NO. 30 HEALTH AND)
WELFARE FUND and PAINTERS' DISTRICT)
COUNCIL NO. 30 HEALTH AND WELFARE )
FUND,                            )
                                 )
            Defendants.          )

MEMORANDUM ORDER

Three Way Drywall, Inc. ("Three Way") has sought to sue Michael Diklich ("Diklich") as Administrator of four employee benefit funds ("Funds"), seeking to invoke federal subject matter jurisdiction under (1) two sections of ERISA (28 U.S.C. §§ 1132 and 1145) and (2) the Declaratory Judgment Act, 28 U.S.C. § 2201.[1] This memorandum order is issued sua sponte to require Three Way's counsel to provide something better in the way of a jurisdictional showing.

To begin with, it is conventional wisdom that Section 2201 is <u>not</u> an independent source of federal jurisdiction. It is

---

[1] All those statutes will simply be cited here as "Section --," with the dissimilarity in numbers eliminating any possibility of confusion.



procedural only, and some substantive source of federal judicial power conferred by Congress must be identified.

As for Section 1132, that citation does more to negate than to confirm jurisdiction. Section 1132(a) lists nine specific situations in which persons are empowered to bring a civil ERISA action, and contributing employers (or putative contributing employers) such as Three Way are a category of plaintiffs conspicuously absent from that listing. There are some types of actions that may be brought under Section 1132 by fiduciaries such as Funds, but none of its provisions speaks of permitting lawsuits against such fiduciaries by anyone other than plan participants and beneficiaries.

Finally, nothing in Section 1145 (which specifies the obligation of employers as to multiemployer benefit plans) says anything about jurisdiction. Indeed, the statutory cross-reference in U.S.C.A. specifically cites back to Section 1132 regarding "civil actions for enforcement of this Section."

It may be that Three Way's counsel is aware of authority that would support the existence of subject matter jurisdiction, but if so they have the responsibility for identifying it (just as this Court is duty-bound to raise questions as to such jurisdiction sua sponte). Accordingly, Three Way's counsel is ordered to file a brief memorandum addressing that subject in this Court's chambers on or before March 21, 2003, failing which

this Court will be constrained to dismiss this action for lack of subject matter jurisdiction.

                                  Milton I. Shadur
                                  Senior United States District Judge

Date: March 10, 2003

C:\wptext\threeway.wpd